Julia F. Parsons, as Executrix, etc., of Arthur E. Parsons, Deceased, and Individually, Respondent, Appellant, v. First Trust and Deposit Company, as Executor, etc., of Alexander T. Brown, Deceased, and Others, Appellants, Respondents.— Judgment affirmed, without costs. Memorandum: We construe the contract in this case as one of sale unexecuted and needing a consideration to support it. Such consideration exists in the reciprocal promise of the plaintiff's testator contained in the paragraph or subdivision of the contract numbered 1, to the effect that he would use his best endeavor to arrange for an early purchase of the stock at a fixed price. This promise the plaintiff's testator performed. The plaintiff's contractual right is, therefore, complete and now enforcible unless the contract was canceled by mutual consent or unless by plaintiff's testator's laches or action amounting to estoppel the court should deny the plaintiff relief. Whether or not there was a mutual agreement for cancellation is a question of fact which the justice at the Special Term has resolved in favor of the plaintiff. The question is not free from doubt. There is in the evidence no unequivocal statement that an agreement for cancellation was made. Considering the intimacy of the parties to the contract, the absence of such testimony and all the circumstances, we cannot say that the finding at the Special Term in this respect was either against the evidence or contrary to its weight. Again as to laches the peculiar relationship of the parties to the contract weighs heavily with us in supporting the findings. As to estoppel the judgment takes care of the matter. While the findings do not set forth what amounts of income taxes were paid by Mr. Brown and Mr. Lipe and their estates, and there is in the record no evidence on this matter and no offer of any such proof (though it was discussed), still it seems to have been assumed in the final colloquy between court and counsel that the Brown and Lipe interests had paid income taxes at least as great in amount as those which Mr. Parsons would have had to pay had the income been reported in his income tax returns. On this general assumption, not questioned on this appeal, we affirm the part of the judgment relating to deductions which rests on estoppel. All concur, except Taylor, J., who dissents and votes for reversal on the law and dismissal of the complaint in the following memorandum: As to the matter in the contract which is under discussion, Arthur E. Parsons, in my opinion, was a contemplated donee of an uncompleted gift. All the acts of Mr. Parsons claimed to furnish consideration for the sale and transfer of stock to him were within the line of his duties as an employee — for which he was paid in full — or were performed in an effort to sell company stock for which he was to have specific payment upon success. Even assuming that a sale contract based upon a sufficient consideration is before us, the whole conduct of plaintiff's testator since the contract was disaffirmed and canceled by Alexander T. Brown in June, 1924, has been such that he should not succeed in this action. His delay in asserting claimed rights and all his affirmative acts in participating in the handling of the business affairs of Brown-Lipe Gear Co. indicate that he has abandoned the contract and has acquiesced in its cancellation. And Crosby, J., who dissents and votes for reversal on the law and dismissal of the complaint on the ground of abandonment as stated in the memorandum of Taylor, J. (The judgment holds plaintiff entitled to funds held in trust in place of stock sold.)